

# Fourth Court of Appeals
## San Antonio, Texas

June 28, 2022

No. 04-22-00087-CV

**IN RE THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES**

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2020-PA-01945
Honorable Mary Lou Alvarez, Judge Presiding

Original Mandamus Proceeding[1]

**ORDER**

Sitting:      Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Lori I. Valenzuela, Justice

On January 21, 2022, the trial court conducted a "CWOP Hearing."[2] The transcript of the hearing indicates the child who is the subject of this original proceeding, J.D., was living in a hotel. Following the hearing, the trial court signed an order on February 11, 2022, entitled "Progress Report Order" (the "February 11th order"), ordering among other things, as follows:

> 2.7 In order to assist the Placement Department, the Department is ordered to draft a Child Specific Contract for $1000.00 a day and to circulate the order to Child Placing Agencies including Traplight, Bair, Pathways, and any other Child Placing Agency identified as accepting and open to LGBTQ youth. This needs to be completed on or before Tuesday January 25, 2022.

> 2.8 On January 26, 2022 by 10AM, a copy of all contracts that were submitted on behalf of this child shall be submitted to the child's attorney ad litem and the child's guardian ad litem.

On February 14, 2022, relator filed a petition for writ of mandamus complaining of the February 11th order.

---

[1] This proceeding arises out of Cause No. 2020-PA-01945, styled *In the Interest of J.D., A Child*, pending in the 150th Judicial District Court, Bexar County, Texas. The Honorable Mary Lou Alvarez signed the orders at issue in this proceeding.

[2] CWOP means a "child without placement."

On March 1, 2022, the trial court conducted another "CWOP Hearing." At the time of this hearing, J.D. was still without placement. Following the hearing, the trial court signed an order on March 14, 2022, entitled "Benchmark Hearing After Final Oder" (the March 14th order"). Relator filed a "Motion for Review of Further Orders," requesting we review the March 14th order and, upon review, declare the order void as interfering with this court's jurisdiction. In its motion, relator also asserts the trial court abused its discretion by entering the March 14th order for the same reasons it abused its discretion by entering the February 11th order.

Since the filing of relator's petition, it has come to this court's attention that J.D. has been placed at an out-of-state residential treatment center in Tennessee.[1]

Relator is hereby ORDERED to file, **no later than July 13, 2022**, a supplemental petition for writ of mandamus addressing the following:

1. Is J.D. placed at an out-of-state residential treatment center in Tennessee?
2. Is J.D.'s placement at an out-of-state residential treatment center in Tennessee meant to be permanent? If not, explain why the placement is temporary.
3. If J.D.'s placement at an out-of-state residential treatment center in Tennessee is meant to be permanent, address whether that placement does or does not render moot (a) the requirements of decretal paragraphs 2.7 and 2.8 of the February 11th order and/or (b) the requirements of the March 14th order.
4. Explain, with authoritative support, how and to what extent the March 14th order interferes with this court's jurisdiction to consider the merits of the February 11th order and interferes with relator's ability to seek an appellate remedy.

If the respondent and real parties in interest desire to file a response addressing the above questions, any such response also must be filed **no later than July 13, 2022**.

Although relator merely contends the trial court abused its discretion by entering the March 14th order for the same reasons it abused its discretion by entering the February 11th order, relator may also expand—in its supplemental petition—on its arguments regarding why the trial court abused its discretion by entering the March 14th order.

It is so **ORDERED** on June 28, 2022.

**PER CURIAM**

ATTESTED TO: _____
MICHAEL A. CRUZ,
CLERK OF COURT

---

[1] J.D. is also the subject of another original proceeding pending before this court. *See In re The Texas Department of Family and Protective Services*; 04-22-00196-CV. The record in this proceeding references the Tennessee placement.